## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____ )
CYNTHIA L. ROSEBERRY-ANDREWS, )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )      Civil Action No. 05-743 (RWR)
                                    )
MICHAEL W. WYNNE,                   )
SECRETARY OF THE AIR FORCE,         )
                                    )
        Defendant.                  )
_____ )
```

## MEMORANDUM OPINION

Plaintiff Cynthia L. Roseberry-Andrews has sued the Secretary of the Air Force[1] for injunctive relief, alleging that the Air Force violated its own regulations when it released her from active duty orders while she was convalescing from a line-of-duty injury and when it failed to forward her request for an extension of incapacitation pay to the Secretary for review.  The Secretary has moved to dismiss the suit for lack of subject matter jurisdiction.[2]  Because Roseberry-Andrews has not established that this court has subject matter jurisdiction, the motion to dismiss will be granted.

---

[1]  Michael W. Wynne is substituted for Michael L. Dominguez, the former Acting Secretary of the United States Air Force.  See Fed. R. Civ. P. 25(d)(1).

[2]  The Secretary also disputes the allegations on the merits, and makes two arguments that are not addressed here -- that the complaint fails to state a claim upon which relief may be granted, and that the Secretary is entitled to summary judgment as a matter of law.

-2-

BACKGROUND

Roseberry-Andrews was an Air Force reservist on active duty when she injured her ankle in September 2003 while off-duty. Even though the injury was not incurred in the performance of her official duties, the Air Force ultimately deemed it a line-of-duty injury, entitling her to medical treatment and certain other protections.  An Air Force orthopedic surgeon prescribed several months of physical therapy, performed reconstructive surgery in March 2004, and then prescribed seven weeks of post-operative physical therapy.  Roseberry-Andrews' active duty term was originally due to end a few days after her surgery, but was extended through May 28, 2004, a period more than long enough to cover the prescribed post-operative physical therapy.  The ankle did not heal as the surgeon had expected.  To accommodate her convalescence, the Air Force awarded Roseberry-Andrews incapacitation pay, first authorized in July 2004, but retroactive to the end of May 2004 when the Air Force terminated her active duty tour.  Roseberry-Andrews claims that the termination was illegal.

Her ankle eventually required a second reconstructive surgery and more physical therapy.  She applied for and received incapacitation pay in 30-day increments through the end of 2004. Her request to extend incapacitation pay into 2005 was denied. Roseberry-Andrews claims that the Air Force acted illegally by

-3-

not forwarding her request for review of the denial of her incapacitation pay to the Secretary of the Air Force.

The parties dispute both questions of fact and law, including the issue of which Air Force regulations govern Roseberry-Andrews' employment and whether she is entitled to all the protections she claims.  More critically, the parties dispute the threshold question of whether Roseberry-Andrews has established subject matter jurisdiction.

DISCUSSION

As applied to this case, the term "jurisdiction" is multifaceted.  "Jurisdiction . . . is a word of many . . . meanings."  Arbaugh v. Y&H Corp., 546 U.S. 500, 510 (2006) (internal quotation marks and citation omitted).  "It is a principal of first importance that a federal court possesses only limited jurisdiction. . . .  A federal court's subject-matter jurisdiction extends . . . only so far as Congress provides by statute."  Commodity Futures Trading Comm'n v. Nahas, 738 F.2d 487, 491-92 (D.C. Cir. 1984) (footnote and citation omitted).  "A federal court presumptively lacks jurisdiction in a proceeding until a party demonstrates that jurisdiction exists.  A party must therefore affirmatively allege in his pleadings the facts showing the existence of jurisdiction, and the court must scrupulously observe the precise jurisdictional limits prescribed by Congress."  Id. at 492 n.9.  The plaintiff must establish

-4-

jurisdiction by a preponderance of the evidence.  See Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

    "Where the United States is the defendant, however, federal subject matter jurisdiction is not enough; there must also be a statutory cause of action through which Congress has waived sovereign immunity." J.B. Floyd v. District of Columbia, 129 F.3d 152, 155-56 (D.C. Cir. 1997) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992)); see also Trudeau v. Fed. Trade Comm'n, 384 F. Supp. 2d 281, 288 (D.D.C. 2005), aff'd, 456 F.3d 178 (D.C. Cir. 2006) ("To establish the jurisdiction of a federal court over a cause of action against a federal agency, a plaintiff must locate both a waiver of the federal government's sovereign immunity and some authorization for judicial review of the challenged agency action.").  "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). "Because sovereign immunity is jurisdictional in nature, . . . 'the terms of the government's consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Tri-State Hospital Supply Corp. v. United States, 341 F.3d 571, 576 (D.C. Cir. 2003) (quoting United States v.Sherwood, 312 U.S. 584, 586 (1941)).  "A party bringing suit against the United States

-5-

bears the burden of proving that the government has unequivocally waived its immunity." <u>Tri-State Hosp. Supply</u>, 341 F.3d at 576.

Roseberry-Andrews contends that 28 U.S.C. § 1331 gives this court jurisdiction to hear her claim for injunctive relief. (<u>See</u> Opp'n at 13 ("In this case, . . . Roseberry-Andrews seeks only injunctive relief from this Court and therefore can claim jurisdiction under § 1331.").)  The text of § 1331, however, provides only that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This provision does not expressly and unequivocally waive the immunity of the United States from suit, for either money damages or injunctive relief, and Roseberry-Andrews does not identify any statute that provides a cause of action for her grievance as to which the United States has waived its sovereign immunity.[3]  In other words, although

---

[3]  Her reliance on statements in <u>Parkview Corp. v. Dep't of Army, Corps of Eng'rs</u>, 490 F. Supp. 1278 (D. Wis. 1980), is misplaced.  In that case, the court was addressing which court -- the district court or the court of federal claims -- had jurisdiction over the federal question before it, not whether § 1331 waived the United States' sovereign immunity as to suits seeking only injunctive relief.  <u>Id.</u> at 1281.  Her interpretation of dicta in <u>Andrus v. Charlestone Stone Prods. Co.</u>, 436 U.S. 604 (1978), is similarly flawed.  The plaintiff in <u>Andrus</u>, unlike here, alleged final agency action and jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., <u>id.</u> at 602, 608 n.6., which "provide[s] a limited cause of action for parties adversely affected by agency action."  <u>Trudeau v. Fed. Trade Comm'n</u>, 456 F.3d 178, 185 (D.C. Cir. 2006).  Roseberry-Andrews also cites <u>Fitzgerald v. United States Civil Serv. Comm'n</u>, 554 F.2d 1186 (D.C. Cir. 1977), in support of her argument, but that case supports the contrary proposition.

Roseberry-Andrews invokes § 1331 federal question jurisdiction, she has not identified the federal question at issue, i.e., the "law[]" under which her "civil action[] aris[es]," 28 U.S.C. § 1331, and that establishes that the United States has waived its sovereign immunity to a suit involving the facts she has pled.  As such, she has failed to plead that this court has jurisdiction over this suit against this defendant and her complaint must be dismissed.

## CONCLUSION

    Because Roseberry-Andrews has not identified a cause of action under which she is proceeding in this case and as to which the United States has waived its sovereign immunity, her complaint must be dismissed for lack of subject matter jurisdiction.  An appropriate order accompanies this memorandum opinion.

---

Fitzgerald explained that a court's jurisdiction to entertain a suit against a sovereign depends, in part, on the sovereign's "'unequivocally expressed'" waiver of its sovereign immunity, and refused to imply a waiver of immunity, denying the relief the requested.  Id. at 1189 (quoting United States v. Testan, 424 U.S. 392, 399 (1976)).  The dictum in Fitzgerald that § 1331 could serve as a "jurisdictional foundation," id. at 1188 n.1, addresses only that part of the jurisdictional question asking "which court?"  It does not address that part of the jurisdictional question regarding waiver of sovereign immunity that is necessary when a sovereign is sued.

-7-

SIGNED this 30th day of August, 2007.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge